After the lessor of the plaintiff had made out his case by showing a grant from the State for the lands in dispute, dated 10 January, 1829, *Page 113 
and that the defendants were in possession of the said lands, the defendants offered in evidence a copy of a grant from the State to one John G. Blount, of older date than the one to the lessor of the plaintiff, and covering the whole of one of the tracts claimed by the lessor of the plaintiff, and also a large body of land not claimed either by the plaintiff's lessor or the defendants. An affidavit was also offered by the defendants in which it was stated that they did not know where the original grant to Blount, was, without stating that they had made any inquiry for it. Upon this, and because it appeared further to the court that the Blount grant covered a large portion of Buncombe, and one or two of the adjoining counties, and that it was a matter of notoriety in the county of Buncombe that the said grant was, and for a number of years had been, in the possession of Colonel Love, of Haywood County, the court rejected the copy as evidence. The lessor of the plaintiff had a verdict and judgment, and the defendants appealed.
The principle on which the court rejected the copy of the grant offered in evidence by the defendants applies to papers between private persons. The rule is different as to patents or grants from the sovereign. They are enrolled in the office from which they emanate, and are there records. Like all other records they may be used as evidence by all persons by obtaining copies, except the patentee or those claiming under him, who would be entitled to the possession of the original. Such was the rule at the common law, inasmuch as the grant is of record. This principle is recognized by a statute of 1748 (Rev., ch. 44, sec. 6), which not only makes the "record of every grant in the Secretary's office evidence, but goes further and makes the abstracts enter in the office of Lord Granville, or (generally) exemplifications of them, (144) duly proved, evidence, as if the original were produced."
The judgment appealed from must therefore be reversed and a venire denovo awarded.
PER CURIAM. Judgment reversed.
Cited: Ray v. Stewart, 105 N.C. 473; Clarke v. Diggs, 28 N.C. 161;Osborne v. Ballew, 29 N.C. 416; McLenan v. Chisholm, 64 N.C. 324. *Page 114