Nash, J.
 

 We are spared the trouble of examining the doctrine of estoppel, as applicable to this case, in the argument before us ; that ground has been very properly abandoned. There certainly is no estoppel. But it has been argued, that although there is no technical estoppel, yet the deed from Auld to Curtis, which conveyed to the latter two hundred and eighty acres of the Slay tract, and recited the deed from Slay to Auld, and the deed from the latter to Field, for the twenty acres, together with the deed from Curtis to Marshal Diggs, of the same two hundred and eighty aeres, and the deed from the latter to the defendant, was
 
 good, prima facie
 
 evidence of title against the defendant, who was a mere wrong-doer. We do not accede to the proposition, nor indeed is it in •this State an open question. The rule here is a plain and simple one. A plaintiff in ejectment must recover on the strength of his own title, cither as being in itself good against all the world, or good against the defendant
 
 *161
 
 by estoppel.
 
 Duncan
 
 v.
 
 Duncan,
 
 3d Ired. 317. In this case, it is admitted there is no estoppel, and it is apparent the legal title, according to the evidence before the jury, was not in the plaintiff. The first link in her chain was wanting, to-wit, the grant from the State.
 

 In rejecting the paper certified by the Secretary of State, as a copy of the grant to John Slay, his Honor erred. It escaped his observation, that this very question was decided by this Court, in the case of
 
 Candler
 
 v.
 
 Lunsford,
 
 4 Dev. and Bat. 19. It is there ruled, that grants or patents from the Sovereign are enrolled in the office, from which they emanate, and are then records. Like all other records, copies of them, by the common law, may be used as evidence" by all persons, except those who would be entitled to the originals. The Legislature, by an Act passed in 1748, recognizes this principle, and goes further, and makes the abstracts entered in the office of Lord Granville, or exemplifications of them duly proved, evidence, as if the originals were produced. The paper offered in evidence is an abstract, containing the courses and distances of the lines and the date, and is signed by the then Governor of the colony, and the Secretary of State has certified it as a true copy of the record of the grant. We believe the practice has been uniform to record abstracts, and though the Act of ’48 is not brought forward in the Revised Statutes, we are of the opinion, that. Act merely recognized the rule of the common law, and by the latter the copy was evidence. The jury, however, gave the plaintiff a verdict, notwithstanding this error against him; yet, as this erroneous opinion may have prevented the defendant from relying upon other testimony in his power, we think it proper upon the authority of
 
 Jones
 
 v.
 
 Younge,
 
 1st Dev. and Bat. 354, that the case should be again submitted to a jury.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 ordered.