If this were a case in which the plaintiff was bound to produce the original grant, he had entitled himself to the use of secondary evidence by his own affidavit and those which were tendered. As the latter were not read, we are to presume they were dispensed with as unnecessary, and that the fact was, as alleged, that the grant could not be found. But the plaintiff was not bound to account for the original. The copy offered was that of a grant under which he did not claim title and to the possession of which he had no right. The plaintiff was entitled to give in evidence a copy of the grant in question, Candler v. *Page 289 Lunsford, 20 N.C. 142: and the only inquiry on that point is, Was he entitled to use the copy tendered? It is objected that he was not, because a copy from the Secretary's office was better evidence. It is a presumption of law, until the contrary appears, that the grant was recorded as directed in the act; and we are of opinion that the objection is untenable. It is founded on the principle that the best evidence within the power of the plaintiff had not been offered by him; that better testimony was behind, to wit, a copy from the Secretary's office. It is a general rule that the best evidence shall be produced to prove every fact in controversy which the nature of the case admits and which is in the power of the party; in other words, secondary and inferior testimony shall not be substituted for that which is of a higher and superior character. The rule is one of policy, and is founded on the suspicion of fraud; for if, from the nature of the transaction, it is evident that there is better evidence of the fact to be established, which is not produced, a presumption at once arises that it is withheld because its production would be injurious to the party offering the inferior testimony. But in this case the testimony offered, and that which it is alleged ought to have been offered, are both secondary and not primary. It is admitted a copy from the Secretary's office would (417) have been legal evidence. What would that be but a copy? It would have been admissible, because it was the copy of a record. The rule requiring the best evidence to be produced, being intended to guard against fraud, its operation ceases when that presumption does not arise. It does not arise in the case of a record, and its production is, therefore, dispensed with and a copy substituted. To require the production of the record would often be inconvenient. 1 Stark. Ev., 393; 2 Steph. N. P., 1514. The copy, then, of a grant from the Secretary's office is a copy of the record, Candler v. Lunsford, 20 N.C. 142; and a copy from the register's office is a copy of the original grant. The grant is, in fact, the original in each case. Each, therefore, is but secondary evidence; and in such case there are no degrees. When a party is entitled to give such evidence, he may give any species of it at his pleasure. 2 Steph. N. P., 1517. Nor is it any objection that the copy from the register's office may be weaker in its effects than one from the office of the Secretary of State, or that all the testimony of the same grade has not been produced that might. Thus the contents of a notice to produce a letter may be proved by any one who knows its contents, without calling the person who wrote it; and handwriting may be proved without calling the writer himself.
His Honor, therefore, erred in rejecting the copy of the grant from the register's office.
PER CURIAM. Reversed. *Page 290 
(418)