This was an issue devisavit vel non made up to try (369) whether a certain script was the last will and testament of Isham Ingram, deceased. While the issue was pending in the County Court the caveators had an entry made upon the records of the court that they admitted the script to be the last will and testament of the said Isham Ingram, as to his real estate therein devised, and contested it only as a will of personalty. Upon the trial of the will in the County Court the jury found it to be the will of the said deceased, both as to his real and personal estate, and from the judgment thereon the caveators appealed to the Superior Court. At the trial in the Superior Court Dr. Christopher Watkins, one of the subscribing witnesses to the script, was offered as a witness to prove its due execution, but he was objected to as a witness to prove the script to be a will of personalty, because he was named executor therein. The plaintiff then exhibited a release from the said Christopher Watkins of the following purport, to wit: that he had no desire or intent of acting as executor, or of taking upon himself any of the trusts mentioned in the said paper-writing and which by law might be cast upon him; that, therefore, and in consideration thereof, he released to Joseph Ingram, etc., all right, trust and interest which, by the said appointment as executor aforesaid, or by law, or otherwise, he might or could have by reason of said appointment, thereby renouncing and absolutely refusing to assume or take upon himself any of the rights or trusts of an executor under said paper-writing, purporting to be the said Isham Ingram's will. The court held that the said witness was incompetent to prove the script to be a will of personalty; and the jury, under the charge of the court, found the script to be the last will and testament of the said Isham Ingram, deceased, as to the real estate therein devised, but not his last will and testament as to his personal estate therein (370) mentioned. Judgment was given accordingly, and also against the plaintiffs for the costs, and the plaintiffs appealed.
There is no error. The only question presented is whether the person named as executor is competent as one of the attesting witnesses to a will of personalty. It is settled that the witness must be disinterested at the time of the attestation, and it is decided in Allison v. Allison,11 N.C. 141, cited and *Page 270 
approved in Tucker v. Tucker, 28 N.C. 161, that a right to commissions is such an interest as disqualifies a witness. An executor has a right, by law, to commissions upon the receipts and disbursements of the assets. The fact that the witness renounced and executed a release does not remove the disqualification, which existed at the time of the attestation.
No unnecessary costs were incurred in reference to the will, so far as it concerned the real estate. It was, therefore, right to require the propounders to pay the costs of the proceeding.
PER CURIAM. Judgment affirmed.
Cited: Huie v. McConnell, 47 N.C. 456; Gunter v. Gunter, 48 N.C. 442.
(371)