## MARSHALL v. CORBETT.

(Filed March 21, 1905).

*Abstracts of Grants—Evidence—Survey.*

1. Abstracts of grants in the usual form, duly certified as correct copies by the Secretary of State and recorded in the office of the register of deeds, are competent to show title out of the State.

2. In order to aid the jury in locating the lines of a tract of land, it was competent to show by the chain-bearer at a survey made a year before the execution of the deed that lines were run and marked around the *locus in quo.*

ACTION by John B. Marshall against George W. Corbett, heard by *Judge G. S. Ferguson* and a jury, at the January Term, 1904, of the Superior Court of PENDER County.

The plaintiff brings his civil action pursuant to the provisions of chapter 6 of the Laws of 1893, for the purpose of quieting title. He alleges that he is the owner and in the possession of the *locus in quo;* that defendant claims title thereto adverse to him, etc. Defendant denies plaintiff's ownership and avers that he is the owner. For the purpose of showing title the plaintiff introduced a deed duly registered from W. A. Lamb to himself, bearing date January 1, 1893. The land is described as "Beginning at a stake on the run of Colly running So. 21 W. 73 poles to a stake in Moore's and Lamb's line, thence So. 57 E. 138 poles to a stake, thence N. 23 E. 21 poles to a light-wood stump in the edge of Colly Swamp, thence with Colly to the beginning." He next introduced a deed duly registered from George F. Walker to W. A. Lamb, bearing date December 22, 1863, conveying six tracts of land. Several of the tracts are described as being covered by grants to Samuel Waters—dated during the years 1762 and 1764. Plaintiff next offered to introduce several abstracts of grants issued by the State to Sam-

uel Waters during the years 1762-'64. The abstracts were
in the usual form—"Samuel Waters, 640, on Colly Creek"
(with description and date), signed by Arthur Dobbs. They
were duly certified as correct copies by the Secretary of
State and recorded in the office of the register of deeds, etc.
Defendant objected. "The Court being of opinion that said
abstracts were not grants and not sufficient to take title out
of the State, excluded the grants from the consideration of
the jury." Plaintiff excepted. Plaintiff introduced one
Barnhill, who testified that he owned land adjoining the
land in controversy. That he was present when Mr. Colvin
surveyed the land in controversy pursuant to the order of
the Court made in this cause. That he was also present
when W. A. Lamb made a survey of the same land twelve
months before he sold to Marshall. That no other survey
was thereafter made until Mr. Colvin surveyed it, pursuant
to the order of the Court. Plaintiff then offered to show
by the witness that he was chain-bearer at the time Lamb
made the survey and that the lines were run as claimed by
the plaintiff. Defendant objected—sustained. Plaintiff ex-
.cepted. The following issues were submitted to the jury,
to which they responded as set out in the record:

"1. Has the plaintiff located his lands; if so, where are
the boundaries?" Answer. "No."

"2. Has the plaintiff had exclusive, adverse possession of
the land conveyed by his deed for twenty-one years, count-
ing the time from 23d day of September, 1863, or any part
thereof; if so, what part?" Answer. ......

"3. Has the plaintiff had open, notorious, adverse, exclu-
sive possession of the land claimed by him, or any part
thereof, for thirty years, including the time W. A. Lamb had
possession before the commencement of suit; if so, what
part?" Answer. "From A to B, from B to K, from K to
L, from L to A."

His Honor rendered judgment that plaintiff was the owner of the land included within the boundaries indicated by the jury in response to the third issue. Plaintiff excepted and appealed. .

*Stevens, Beasley & Weeks,* for the plaintiff.
No counsel for the defendant.

CONNOR, J., after stating the facts. We were not favored with a brief or argument in behalf of the defendant and are not quite sure we understand upon what ground his Honor excluded the abstracts of grants offered by the plaintiff. They appear to be in the usual form and duly certified. The only statement in the record is that in the opinion of the Court they were not grants and not sufficient to take title out of the State. The abstracts are in exactly the same form as the one which was held by this Court to be competent in *McLenan v. Chisholm,* 64 N. C., 323. *Pearson, C. J.,* says: "From the abstract it appears with the requisite certainty that Sampson Williams was the grantee, Governor Martin the grantor and three hundred acres of land therein described the subject of the grant, and that a grant was executed May 24, 1773. This is settled." With the change of names, etc., the language is strictly appropriate to the case before us. *Nash, J.,* in *Clarke v. Diggs,* 28 N. C., 159, says that the Legislature by an act passed in 1748 made the abstracts entered in the office of Lord Granville, or exemplifications of them, duly proven evidence as if the originals were produced. "The paper offered in evidence is an abstract containing the courses and distances of the lines, and the date and is signed by the Governor of the Colony and the Secretary of State has certified that it is a true copy of the record of the grant. We believe that the practice has been uniform to record abstracts, and though the act is not

brought forward in the Revised Statutes, we are of the opinion that the act merely recognized the rule of the common law, and by the latter the copy was evidence." *Candler v. Lunsford,* 20 N. C., 142. The plaintiff's exception must be sustained. It was not necessary for plaintiff to connect his title with that of Waters'. The plaintiff if permitted to show title out of the State was entitled to show, if he could, a chain of title connecting himself with the grantor, or if unable to do this, to build up title in himself by any of the ways pointed out in *Mobley v. Griffin,* 104 N. C., 112. After the rejection of the grants, plaintiff undertook to show title out of the State by showing thirty years' possession or twenty years under color of title. For the latter purpose, it was necessary that he locate the land within the boundaries of his deed. He encountered difficulty in this effort because his deed called for a line beginning at a stake on Colly. Unless there was some call in the deed for a natural object, or something equivalent thereto, he could not locate the land. *Archibald v. Davis,* 50 N. C., 322. There is, however, a call for a "light-wood stump on the run of Colly." If he could locate this stump to the satisfaction of the jury, there was no reason why by reversing the calls, the jury may not have ascertained and located the lines back to the beginning and thence with the swamp to the stump. *Dobson v. Finley,* 53 N. C., 495. His Honor correctly so charged the jury. For the purpose of locating the stump and aiding the jury in locating the lines therefrom, the proposed testimony· of Barnhill was competent, and, if accepted by the jury, very valuable. To show by the chain-bearer at a survey made a year before the execution of the deed what lines were run and marked around the *locus in quo* was most material. The plaintiff's several exceptions in this respect, from two to five inclusive, must be sustained. We have examined

with care the entire record. There are quite a number of exceptions. As the case goes back for a new trial, we deem it best not to discuss them, as they may not arise again. It may be that in the light of the finding of the jury the rejection of the grants did not injuriously affect the plaintiff; we cannot tell how this is. There must be a new trial.

New Trial.