## STEPHEN NELSON v. SUSAN D. LINEKER.

(Filed 18 October, 1916.)

**Deeds and Conveyances—Calls—Natural Boundaries—Stone Markings—Evidence—Questions for Jury—Trials.**

While a stone marked and securely embedded in the ground for the purpose of a survey and deed to lands is not strictly regarded as a natural boundary, it is an artificial monument of boundary, and when identified and properly placed may be controlled against calls of lesser

dignity; and where under such conditions and for such purposes a stone marked with the grantee's initials has been securely placed as at the end of a call, "to a point beyond a 4-mile post to a stake marked 'S. N.'" but has been removed, it is for the jury to determine, upon competent evidence, its former location with reference to the call in the deed, and, when so located, it will control the distance stated in the conveyance.

CIVIL ACTION to recover land, tried before *Peebles, J.,* and a jury, at April Term, 1916, of NEW HANOVER.

At the close of the testimony, on adverse intimation from the court as to plaintiff's right to recover, he submitted to a nonsuit and appealed.

*J. D. Bellamy & Son for plaintiff.*
*A. G. Ricaud for defendant.*

HOKE, J. Plaintiffs claimed under a deed containing the following description: "Beginning at the point where the run of Wildcat Branch intersects the main road on the east side thereof; runs thence north 45 degrees east with the eastern boundary of said road 22 chains to a point beyond the 4-mile post at a stone marked 'S. N.,' runs thence south 66 degrees east 15 chains to a stake; thence south 17 degrees west 14 chains and 15 links to a gum in the run of Wildcat Branch; thence westwardly with the run of said branch as it meanders to the main road, the point of beginning." And, in connection with same, introduced evidence tending to show that at the time he bought the land and took the deed he had the same surveyed, and, at the end of the call, "thence north 45 east with the eastern boundary of the road 22 chains to a point beyond the 4-mile post at a stone marked 'S. N.,'" he placed a stone procured for the purpose, marked "S. N."; this being at a point from 2 to 300 feet beyond the 4-mile post; that the same was a stone he had obtained from Mr. Myers at the marble yard; had these letters carved on it and placed it in the ground about 2 feet, leaving a portion above the ground; that it was so placed there to indicate the corner, and the line was run to it as such and called for as a corner in making the deed, etc.; that the stone had later been removed or dug up by mistake, after it had remained in its position fourteen or fifteen years, and witness could point out on the ground the exact position where the same had been planted. A witness by the name of Lamont testified that he recalled having plowed so as to loosen it, and pulled it up and carried same to his employer, a Mr. Herbert, who had bought a piece of the land himself; that it was near 2 feet long, 4 or 5 inches at the top, sloping larger towards the bottom, and was placed in the ground 18 inches or more, at or near the road, and about 100 yards north of the 4-mile post.

There was opposing evidence on the part of the defendant, and it was further made to appear that if plaintiff's deed could not extend to the

stone as claimed by plaintiff, but stopped at the end of the 22 chains, the distance called for, it did not cover the land in dispute.

At the close of the entire testimony the court gave intimation that he would charge the jury "that the stone marked 'S. N.' was not a natural boundary; that plaintiff's title would stop at the 22 chains, and that plaintiff could recover nothing beyond that." In deference to this intimation, plaintiff submitted to a nonsuit and appealed.

It is very generally recognized that a call for "stakes" in the descriptive terms of a deed is not sufficient to control course and distance unless the deed itself affords data from which the term "stake" can be given a definite placing. *Crowell v. Jones,* 167 N. C., 386; *Massey v. Belisle,* 24 N. C., pp. 170-179. They are usually of such a transitory nature, so liable to be destroyed or in some way removed, by chance or otherwise, that they are not regarded as monuments of boundary at all, but are considered only as imaginary points to be fixed and determined by a correct survey of course and distance if such calls appear also in the deed. *Reid v. Schenck,* 14 N. C., p. 65. The same principle might apply to a stone unidentified and casually placed and which would be subject to the same liability of removal. But the principle, in our opinion, does not apply to the facts of this case as presented in plaintiff's evidence. This testimony tends to show, as stated, that the stone claimed by plaintiff to be the corner was one procured for the purpose, with the initials of plaintiff's name carved thereon, securely placed in the ground as a corner called for in plaintiff's deed, and which was placed as such corner at the time the land was surveyed for the purpose of making the deed, and if these facts are accepted by the jury, it would give the call such elements of identification and permanence as to constitute it a monument of boundary, and usually considered sufficient to control course and distance if its original position is satisfactorily established. True, as his Honor stated, it would not be considered "a natural boundary," these in strictness referring to such objects as have permanent and natural placing upon the land; but it is an artificial monument of boundary, and usually given controlling effect as against calls of lesser dignity, such as course and distance. Tiedeman on Real Property, sec. 831; Jones on Law Real Property Conveyancing, sec. 386; Burdick on Real Property, p. 757; 3 Washburn on Real Property (5 Ed.), pp. 434 and 435; Tyler on Law Boundaries, p. 30, etc. And the position is not affected by the fact that the natural or established monument has been removed, if it is shown to have been placed by the parties as an original boundary of the land, and its original position, as stated, is established by satisfactory proof. In case of removal, however, if the lost monument cannot be given its proper placing, then resort must be

had to other calls, and, usually, the course and distance will then prevail. Tiedeman on Real Property, *supra;* 4 A. and E. Enc. (2 Ed.), p. 850.

While it is said, in these and other authorities, that an artificial monument of boundary is not, as a rule, given the same weight in controlling course and distance that is allowed to natural boundaries, the latter being regarded of a more permanent character and less likely to mislead, the former, in case of conflict, is considered the superior call in reference to course and distance, and controls the same when it is properly identified and placed and called for in the deed as a corner of the land." *Barnhardt v. Hageman,* 162 N. C., 460.

The testimony offered by plaintiff permits the inference, further, that the stone marked "S. N." was so marked, procured, and placed as a corner of the land, at the time of the survey made, with the view and purpose of making the deed, and that said deed was made intending to convey the land so surveyed; and, if this be true, the stone would be the proper boundary, whether called for in the deed or not, coming within the second rule laid down in the case of *Cherry v. Slades,* 7 N. C., 82, which is as follows: "Whenever it can be proved that a line actually run by the surveyor was marked and a corner made, the party claiming under the patent or deed shall hold accordingly, notwithstanding a mistaken description in the patent or deed."

The rule has been applied in several recent decisions of the Court, among others, *Allison v. Kenion,* 163 N. C., 582; *Clark v. Aldridge,* 162 N. C., 326, and in the latter case the principle is stated as follows: "Where the parties, with the view of making a deed, go upon the land and make a physical survey of the same, giving it a boundary which is actually run and marked, and the deed is thereupon made, intending to convey the land which they have surveyed, though a different and erroneous description may appear upon the face of the deed, the land thus ascertained and intended will pass between the parties or voluntary claimants who hold in privity, this being an exception to the general rule that parol evidence may not vary or contradict the written instrument."

The Court is of opinion, therefore, that on the facts in evidence there was error in holding, as a matter of law, that the line, N. 45 E. 22 chains, stopped at the end of the specified distance, and, on the testimony as it now appears, the issue should be submitted to the jury on the question whether this stone was marked and securely placed as a corner of the land and called for in the deed, and whether the position of same, as originally placed, can now be established by proof.

For the error indicated plaintiff is entitled to a new trial of the cause, and it is so ordered.

New trial.