T. S. MEEKINS, M. B. SIMPSON, JR., JEAN S. SHARP AND JOHN H. HALL, PETITIONERS, v. NIKOLAI MILLER, LOUVAL REALTY CO., INC., MURIAL DOW LEWIS, RUTH MARY LEWIS HILL, CAROLYN LEWIS HAZLETT, GREENVALE HILLS CORPORATION, C. CLIFTON LEWIS, AND FREDERICK W. LEWIS, DEFENDANTS.

(Filed 27 February, 1957.)

**1. Boundaries § 5b—**

Anyone present at the time of the survey of a State grant is competent to testify where the corners were marked and the lines actually run.

**2. Boundaries § 2b—**

The corners marked and the line actually run in the survey of a State grant is the line of the grant.

**3. Boundaries § 5f—**

Explanations of the court surveyor as to how he illustrated on the map the respective contentions of the parties are not evidence and are not prohibited.

**4. Same—**

Certified copy of a State grant with certificate of the county surveyor and his description and map of the land covered by the grant, while not conclusive as to the location of the land granted, is competent. G.S. 8-6.

**5. Boundaries § 5a—**

Testimony as to physical facts, such as that the line contended for by one party would be on a ridge distant from any water, and that when viewed from the air an island in a sound corresponded in detail with the location of the island upon a map introduced in evidence, is competent.

APPEAL from *Bone, J.*, December 1956 Term of PASQUOTANK.

This is a processioning proceeding instituted in Dare County. Plaintiffs and all of defendants other than Nikolai Miller own land lying north of the disputed boundary. Miller owns the land south of the boundary. For convenience and because of identity of interest, the parties other than Nikolai Miller will hereafter be designated as appellants, and Miller, as appellee.

By consent the cause was referred. The referee, after hearings, made findings of fact fixing the location of the disputed boundary. Appellants took exception during the hearings to portions of the evidence and excepted to the finding fixing the location of the dividing line. The cause was thereafter by consent moved to Pasquotank County. Appellants' exceptions were heard, overruled, and the report of the referee confirmed. Judgment was entered in conformity with the findings, and appellants appealed.

*M. B. Simpson, Jr., John H. Hall, and Worth & Horner for appellants.*
*McCown & McCown and LeRoy & Goodwin for appellee.*

RODMAN, J.   Appellants propound two questions: (1) Is there competent evidence to support the finding fixing the location of the dividing line as contended by appellee?

The location of the true line is dependent upon the answer to this question: Where is the beginning point of grant 18,708 issued by the State of North Carolina to L. R. Rogers, 30 January 1922? U. S. Midgett, a witness for appellee, testified he was on the survey on which the Rogers grant was issued. He testified the survey began at point 1, shown on the court map, in accordance with the contention of appellee. The only reason advanced for excluding his testimony is that the witness was not the official chain bearer. The evidence is competent, and, if, as the witness testified, the line was actually run and the corners marked, the line so run is the line of the grant. Anyone present on the survey is competent to testify. *Bowen v. Lumber Co.,* 153 N.C. 366, 69 S.E. 258; *Marshall v. Corbett,* 137 N.C. 555; *Euliss v. McAdams,* 108 N.C. 507; *Dugger v. McKesson,* 100 N.C. 1. The fact that the witness testifying in *Marshall v. Corbett, supra,* happened to be a chain bearer was not the reason for admitting his testimony. There was other competent evidence tending to establish the beginning corner of the Rogers grant in accordance with appellee's contention.

Appellants' second question is: Did the court err in the admission and rejection of evidence? It is asserted that the court committed sixty-nine prejudicial errors in taking evidence to find the answer to the single question of fact: Where is the beginning point of the Rogers grant?

By consent a court survey with maps to show the contentions of the parties was ordered. Many of the exceptions taken and assigned as error relate merely to explanations made by the surveyor of the court map and how he illustrated on the map the contentions of the respective parties. The surveyor's explanations were not evidence. Manifestly, statements of where he surveyed and how the maps represented the contentions of the parties were not prohibited.

Appellants contend that the beginning point of the Rogers grant is, by express terms, the south line of the Theo S. Meekins land at the Sound. For the purpose of locating the south line of the Meekins land they introduced a grant to E. H. Bailey dated 11 May 1882. The grant for sixty-six acres either *on* or *in* Roanoke Sound and east of Roanoke Island begins at a point on the mouth of Rock Hall Creek. This grant was, in 1901, conveyed to R. C. Evans and Theo S. Meekins. Evans conveyed the land to Meekins in October 1908. Both of these deeds recite that the land is *in* Roanoke Sound. The grant as recorded in

Dare County describes the land as *on* Roanoke Sound. Appellants contend the grant as recorded in Dare is correct and the land is a part of the beach—Bodie Island Beach, and when so located fixed the beginning point of the Rogers grant at letter A on the court map, some 1,500 feet south of Rock Hall Creek.

Appellee contends the Bailey grant is Headquarters Island lying *in* Roanoke Sound, distant 300 or more feet from the beach. He asserts the Meekins land referred to in the Rogers grant is the land conveyed by N. E. Gould to R. C. Evans and Theo S. Meekins in June 1900, the southern line of which runs from the Atlantic Ocean across the beach to Rock Hall Creek and the Sound, thus establishing the beginning corner of the Rogers grant at figure 1, just on the north side of Rock Hall Creek.

Appellants' exceptions to the evidence most strongly urged are directed at the evidence tending to support appellee's contention that the Bailey grant is not a part of the beach and on Roanoke Sound but an island in the Sound. For that purpose appellee, over objection of appellants, introduced a copy of the grant to which is attached the certificate of the county surveyor with his description and a map of the land covered by the grant. These papers were duly certified by the Secretary of State. The survey and map attached to the certified copy of the grant says that the land was surveyed in accordance with the entry, and is situate *in* Roanoke Sound and east of Roanoke Island. The map has written on it "Headquarters Island 66 Acres." It shows as boundaries Rock Hall Creek and Roanoke Sound.

The certified copy of the grant, survey, and map were competent. G.S. 8-6. The map accompanying the grant is not conclusive of the location of the land granted, but is a matter which a jury or a referee may consider. *Higdon v. Rice,* 119 N.C. 623; *Redmond v. Mullenax,* 113 N.C. 505.

Exceptions to testimony as to physical facts tending to support appellee's location of the Bailey grant cannot be sustained. It was competent to prove that appellants' location of the Bailey grant would put several of its boundaries on a ridge distant from any water; and when viewed from the air, Headquarter's Island, as located by appellee, corresponded in detail with the map of Headquarter's Island attached to the Bailey grant. *Maynard v. Holder,* 219 N.C. 470, 14 S.E. 2d 415; *Roberts v. Preston,* 106 N.C. 411; *Hough v. Horne,* 20 N.C. 369.

No reason is assigned to render incompetent the testimony of the present owner of the Bailey grant and others that from their earliest recollection the island was generally known as Headquarter's Island.

We have examined but find nothing in the exceptions and assignments of error which in our opinion justifies a new trial. The judgment is
      Affirmed.