GERALDINE M. CARNEY v. FRANCIS CARLYLE EDWARDS AND JOYCE LLOYD EDWARDS.

(Filed 13 December, 1961.)

1. **Boundaries § 1—**

   The fundamental rule in the ascertainment of the boundaries of the land described in a deed is the intent of the parties, and a general description may not enlarge the specific description when the specific description is sufficient to identify the land which the deed purports to convey.

2. **Boundaries § 8—**

   What are the boundaries called for in the description of a deed is a question of law to be declared by the court, where they are located is a question of fact.

**3. Boundaries § 2—**

A call to a natural object will prevail over courses and distances, and a call to a line of an adjacent tract is a call to a natural object within the purport of the rule when such line is known and established.

**4. Boundaries § 5—**

A junior conveyance cannot be used in locating the lines called for in a prior conveyance.

**5. Boundaries § 9—**

Where the iron stake marking a corner has been removed subsequent to the execution of the deed, and such corner, if located in accordance with courses and distances, would patently include land not owned by grantor, the missing corner may be established *aliunde* the description by parol testimony of disinterested witnesses as to the location of the line and corner at the time the deed was executed, including testimony as to the location of the corner in a contemporaneous survey even though the survey is not referred to in the deed, and when the description in the deed can thus be made certain, it is controlling.

**6. Boundaries § 7—**

Where the location of the corner of an adjacent tract is necessary in order to establish the boundaries of the deed involved in the action, the owner of the adjacent tract should be made a party.

APPEAL by defendants from *Clark, J.*, June 1960 assigned Civil Term of WAKE.

Plaintiff instituted this action to remove cloud from her title to a tract of land conveyed to her and Bernard B. Blanchard by Kate Rogers on 13 August 1959. Defendants answered, admitting their claim of title to a described area within the area claimed by plaintiff. They asked that they be adjudged the owners of the land so described.

The parties waived jury trial. From the admissions in the pleadings and the findings by the court these facts appear:

(1) In 1947 Max Collins and wife acquired title to a specifically described area containing 87.5 acres, being "tracts Nos. 4 and 5 of the C. L. Duke Farm according to survey and map of M. E. Chappel, dated October 8, 1913 . . ." This land is bounded on the south by Crabtree Creek, on the west by Haley Branch, on the north by the lands of Henry Bryant (lot 3 of the C. L. Duke farm), and on the east by a line from the Bryant lands to Crabtree Creek. A road known as Reedy Creek Road crosses Crabtree Creek. It extends northwardly through lots 4 and 5. That part of lots 4 and 5 lying west of Reedy Creek Road contains 58.13 acres.

(2) On 31 December 1947 Collins and wife conveyed to their daughter Ednabel C. Holder and her husband, Ruffin Holder, as tenants by entirety, a tract described as "BEGINNING at an iron pipe in the

ground on the West side of Reedy Creek Road approximately one-half mile North of the Crabtree Creek Bridge and runs thence North 83 degrees 30 minutes West 1070 feet to an iron pipe in the center of Haley Branch; thence in a Northerly direction as said Haley Branch meanders approximately 210 feet to an iron pipe in the center of said Haley Branch; thence South 83 degrees 30 minutes East 1100 feet to an iron pipe sunk in the ground on the West side of said Reedy Creek Road; thence in a Southerly direction along the edge on said Reedy Creek Road approximately 230 feet to the place and point of the BE-GINNING, containing 5 acres, more or less, and being a part of the property conveyed to Max Collins, Sr., and wife, Gladys Collins, by O. A. Palmer and wife, Lillie W. Palmer."

(3) On 30 March 1949 Collins and wife conveyed to W. F. Rogers the following described property: "Bounded on the North by lands of Ednabel C. Holder, on the East by the Reedy Creek Road as the same is now located, on the South by Crabtree Creek and on the West by Haley Branch and BEGINNING at a point, the intersection of the center line of Crabtree Creek with the center line of the Reedy Creek Road, as now situate, said point being the approximate center of the Reedy Creek Road Bridge over Crabtree Creek as said bridge is now situate, runs thence in a Northerly direction along the center line of the present Reedy Creek Road 1970 feet, more or less, to a point in the center of said road marked by an iron stake on the West side of said road, Ednabel C. Holder's southeast corner, said point being situate about 230 feet in a southerly direction from the intersection of the center line of said road with the South Line of Tract 3 on the map hereinafter referred to: runs thence N 83 degrees, 30 minutes West to and with Ednabel C. Holder's South line 1080 feet more or less, to a point in the center of Haley Branch (the description then follows Haley Branch and Crabtree Creek to the beginning) containing 50 acres, more or less, and being parts of Tracts Nos. 4 and 5 . . . and being all those portions of tracts Nos. 4 and 5 lying west of the Reedy Creek Road as the same is now situate, excepting only that 5 acre tract conveyed to Ednabel C. Holder by Max Collins and wife by deed recorded in Book 991, page 482 . . ."

(4) "(T)he intention of the parties to the conveyance was that W. F. Rogers would purchase all of tracts 4 and 5 located south of the Holder tract and west of the Reedy Creek Road; and W. F. Rogers and wife did not at any time claim any of the property north of the south line of the Holder tract." The distance from the center of Crabtree Creek Bridge to the south line of tract 3, measured along Reedy Creek Road, is 2541 feet. The south line of the Holder land as located

by defendants is more than 230 feet from the south line of tract 3 and less than 1970 feet from the center of Crabtree Creek Bridge.

(5) On 30 March 1957 Collins and wife conveyed to defendants a tract which begins at an iron stake at the edge of Reedy Creek Road and runs then by courses and distances back to the road, "containing 15 acres more or less and being a part of the Max Collins farm in Wake County, North Carolina." This land lies between the south line of tract 3 of the Duke farm and the Holder land as located by defendants.

(6) Plaintiff and her cotenant trace title to W. F. Rogers and have good title to such property as he acquired by his purchase from Collins.

Based on the admissions and findings the court concluded with respect to the W. F. Rogers deed: "The specific metes and bounds description was highly ambiguous and inaccurate and was inadequate to locate the land; hence the general description 'being all those portions of tracts Nos. 4 and 5 lying west of Reedy Creek Road as the same is now situated excepting only that 5 acre tract conveyed to Ednabel C. Holder' prevails over the conflicting metes and bounds description." Plaintiff and her cotenant purchased for value without knowledge of any intent of Rogers or Collins when the conveyance was made. "(T)he exact location of the five acre Ednabel C. Holder tract is immaterial to a decision of this controversy."

The court thereupon concluded that plaintiff and her cotenant (not a party to the action) were the owners of the land in controversy; and the claim of defendants constituted a cloud on the title of plaintiff and her cotenant. Defendant, having excepted to the findings of fact and conclusions, appealed from the judgment so entered.

*William Joslin for plaintiff appellee.*
*Manning, Fulton & Skinner for defendant appellants.*

RODMAN, J.   Determinative of the appeal are the legal conclusions that "the exact location of the five acre Ednabel C. Holder tract is immaterial to a decision of this controversy" because "the general description 'being all those portions of tracts Nos. 4 and 5 lying west of Reedy Creek Road as the same is now situated excepting only that 5 acre tract conveyed to Ednabel C. Holder' prevails over the conflicting metes and bounds description' in the deed from Collins and wife to Rogers." If these conclusions are correct, the judgment must be affirmed. To determine that question we must ascertain what property was conveyed by Collins to Rogers.

The court found it was the intent of the parties that Rogers would have those parts of lots 4 and 5 south of the Holder lands, and con-

forming to that intent, Rogers never claimed to own any part of lot 4 lying north of the Holder lands. The first and fundamental rule to apply in construing deeds is to ascertain the intent of the parties. We said in *Franklin v. Faulkner,* 248 N.C. 656, 104 S.E. 2d 841: ". . . when ascertained, that intent becomes the deed, will, or contract." Following the statement that intent, when ascertained, controls, we said: "It is equally well settled that a general description will not enlarge a specific description when the latter is in fact sufficient to identify the land whch it purports to convey. Only when the attempted specific description is ambiguous and uncertain will the general prevail." To support that statement we cited decisions going back nearly three quarters of a century. To those listed we now add *Midgett v. Twiford,* 120 N.C. 4; *Loan Assoc. v. Bethel,* 120 N.C. 344; *Ferguson v. Fibre Co.,* 182 N.C. 731, 110 S.E. 220, where *Walker, J.,* said: "If the first description by metes and bounds does not embrace the *locus in quo,* the second one should not be allowed to control it, and thereby enlarge its boundaries, unless it was the clear, if not manifest, intention of the grantor to do so and to convey lands not covered by the first description." The rule announced is not peculiar to North Carolina. It is of general application. 26 C.J.S. 876-877; 16 Am. Jur. 600-601.

The Holder land extends from Reedy Creek Road westwardly to Haley Creek. Plaintiff does not challenge the validity of the deed from Collins to Holders. She insists: When the Holder land is properly located it will be adjacent to lot 3, and the specific description and general description will be in agreement, conveying one tract; but if she is wrong in her location of the Holder land, the deed to Rogers conveyed two tracts, the large area south of the Holder lands and a much smaller area to the north of the Holder lands. The area south of the Holder lands as located by defendants contains 44.77 acres. The area north of the Holder lands as located by defendants contains approximately ten acres.

Since the court based its conclusion that the general description in the deed from Collins to Rogers prevailed over the specific description because "(t)he specific metes and bounds description was highly ambiguous and inaccurate and was inadequate to locate the land" we must look at that description in the light of the testimony, findings of fact, and well-settled principles of law.

What are boundaries is a question of law to be declared by the court. Where they are located is a question of fact. *Batson v. Bell,* 249 N.C. 718, 107 S.E. 2d 562; *Jenkins v. Trantham,* 244 N.C. 422, 94 S.E. 2d 311.

Where a deed gives course and distance to a natural object, the call for the natural object is less apt to be incorrect and will for that

reason prevail over course and distance. *Batson v. Bell, supra; Trust Co. v. Miller,* 243 N.C. 1, 89 S.E. 2d 765; *Cherry v. Warehouse,* 237 N.C. 362, 75 S.E. 2d 124. This principle is applicable to descriptions calling for the line of another tract when that line is known and established.

A description contained in a junior conveyance cannot be used to locate the lines called for in a prior conveyance. The location of the lines called for in the prior conveyance is a question of fact to be ascertained from the description there given. *Harris v. Raleigh,* 251 N.C. 313, 111 S.E. 2d 329; *Coffey v. Greer,* 241 N.C. 744, 86 S.E. 2d 441; *Bostic v. Blanton,* 232 N.C. 441, 61 S.E. 2d 443; *Cornelison v. Hammond,* 224 N.C. 757, 32 S.E. 2d 326.

To determine, as required by the foregoing rules, the sufficiency of the specific description in the deed from Collins to Rogers, we find: (1) The beginning corner, the intersection of the center lines of Crabtree Creek and Reedy Creek Road, is known and established. (2) Since Reedy Creek Road is a known highway, there is no difficulty about the direction from the beginning corner to the second corner. (3) The termination of this line is "Ednabel C. Holder's southeast corner." Everyone agrees the point referred to is the southeast corner of the lands which Collins had conveyed to his daughter, Mrs. Holder. Where is that point? The Rogers deed says it is "1970 feet *more or less*" from Crabtree Creek and *"about* 230 feet" from the south line of tract 3 of the Duke farm. (Emphasis supplied.) Neither of these approximations can be used to fix the point called for. It is necessary to go to the proper source to determine the location of the southeast corner of Mrs. Holder's land. That source is Collins' deed to her.

The deed to Holder says the beginning corner is on the west side of Reedy Creek Road and is indicated by an iron pipe "approximately one-half mile North of the Crabtree Creek Bridge." That approximate distance would, if used as a definite and specific distance, locate the land north of grantor's northern boundary. The deed would be mere color of title because the description would not include lands owned or claimed by grantor. The iron pipe called for has been removed. Do these facts destroy the title which Mrs. Holder acquired, or is she at liberty to show where in fact the pipes were located? The answer would seem to be plain. It is permissible to show where the lines were located when the deed was made. As said by *Ashe, J.,* in *Thornburg v. Masten,* 88 N.C. 293: "Such particularity in the description of land conveyed or contracted to be conveyed, as will give the court certain and unmistakable information of the land that is meant, is not required, and could rarely even be attained. All that is required is that the land should be described with such certainty that by proof *aliunde*

the description may be fitted to the thing. In almost every case, extraneous proof is requisite and admissible to apply the description to the land meant to be conveyed."

Max Collins, Jr., son of the original grantor, testified that in October or November 1947 he made a survey of the land to be conveyed to Mrs. Holder. This survey was made at the request of his father and brother-in-law. When he made the survey, he chopped and marked certain trees indicating the corners. The south line as he surveyed it "is the line between the large grove of trees and the old field . . . The line out there today is the same line, beginning at the same tree I chopped in 1947." Mrs. Collins, one of the Holder grantors, testified: "I was there when the property sold to Holder was surveyed . . . We had it surveyed before we wrote the deed. That was the first thing we did." True, the deed from Collins to the Holders does not refer to this survey, but that fact does not prevent the parties from showing what they did to locate the land conveyed. John Rogers, son of plaintiff's immediate grantor, likewise testified to the location of the Holder line as pointed out to him by both Collins and his father, saying the southern boundary of this tract was south of a large grove of trees. There was other evidence sufficient to show where the lines were in fact located when the deed was made to the Holders. The evidence offered to locate the Holder land was competent and, if accepted as true, sufficient to establish its location. *Meekins v. Miller*, 245 N.C. 567, 96 S.E. 2d 715. In fact the court seems to have accepted this testimony as true. It found "that said 5 acres included some large shade trees, and the south line extended in an east-west direction along the north line of a field for some distance from the Reedy Creek Road . . ."

When the evidence and the findings of fact are examined, it is apparent, we think, that an erroneous conclusion was reached because the court undertook to locate the southeast corner of the Holder lands by the Rogers', a junior, deed. Had he applied the proper rule, he would have undertaken to locate the Holder lands by applying to its description the parol testimony. Then the approximate distances called for in the deeds would not create difficulty.

The pleadings contain no suggestion that any of the deeds need to be reformed. The only question raised by the pleadings is the ownership of a specific area to be determined by the deeds as presently written. Plaintiff, having the older deed from a common source, acquired title to such property as was conveyed by that deed, but she acquired title to no more than was conveyed by it. Her land, by the express language of her deed, is south of the Holder land. The deed does not purport to convey two tracts, one on the south and the other on the north of the Holder land. Her deed, by express language, excepts the

Holder land. The lines of the Holder land must be located before this controversy can be determined. The present owners of the Holder property, if not essential, are certainly proper parties and should be brought in to settle once for all the crucial question here presented. Similarly, plaintiff's cotenant should be made a party. She will not be bound by the ultimate decision unless a party.

New trial.