F. L. PASCHAL AND THE GUILFORD NATIONAL BANK, EXECUTORS OF THE LAST WILL AND TESTAMENT OF L. B. PASCHAL, DECEASED. AND H. L. PASCHAL v. JAMES AUTRY, OSCAR AUTRY, EDWARD AUTRY, ADA WHITTED AND HUSBAND JAMES WHITTED, SALLIE REDIUS AND HUSBAND HOBART REDIUS, HARRY LEE McKAY, JASPER RICHARDSON, NORWOOD RICHARDSON, DAVID McKAY AND W. A. JOHNSON.

(Filed 12 January, 1962.)

1. **Abatement and Revival § 13;   Executors and Administrators § 6; Descent and Distribution § 1—**

   A right of action to recover for the wrongful cutting and removal of timber from land does not abate upon the death of the owner of the land, G.S. 1-74, G.S. 28-172, and such right of action as to timber cut prior to

PASCHAL *v.* AUTRY.

the death of the owner vests in his personal representative and may not be maintained by the heirs, subject to exception when there is no administration, but upon the death of the owner, title to his lands vests in his heirs or devisees and therefore the right to recover damage for timber cut after the death of the owner must be brought by them and cannot be maintained by the personal representative.

**2. Appeal and Error § 5—**

Where a corporation acting as excutor has merged subsequent to the institution of the action, the new corporation should be substituted as a party.

**3. Trespass to Try Title § 5;   Adverse Possession § 21—**

In an action in trespass, judgment may not be rendered that defendant had acquired title to a part of the *locus in quo* by adverse possession when there is no allegation of title by adverse possession in defendant's pleadings, regardless of proof introduced by defendant.

**. 4. Pleadings § 28—**

To establish a cause of action there must be *allegata* and *probata*, and the two must correspond.

**5. Judgments § 29—**

Persons who are not parties to the action and whose rights are not devolved from a party, are not bound by the judgment.

**6. Executors and Administrators § 6—**

Since title to the lands of a decedent vests immediately upon his death in his heirs, the personal representative of the decedent may not maintain an action to adjudicate and locate the boundaries of land which was owned by decedent in the absence of a provision in the will giving him such right.

**7. Trespass to Try Title § 1—**

In an action in trespass in which the question of title is injected, all persons claiming an interest in the lands as heirs of a decedent should be made parties.

**8. Appeal and Error § 21—**

An exception to the judgment presents the question whether error of law appears on the face of the record proper, which includes whether the facts found and admitted are sufficient to support the judgment or whether the judgment is regular in form and supported by the verdict.

**9. Appeal and Error § 55—**

Where it is apparent on the face of a record proper that the judgment adjudicates matters not presented by the pleadings, adjudicates causes which the parties to the action cannot maintain, and that necessary parties were not joined, the cause will be remanded.

APPEAL by defendants from *Clark, J.,* May 1961 Term of BLADEN. Civil action to recover damages for the unlawful cutting and re-

moval of timber, and to enjoin defendants from further trespassing on land.

The record does not disclose when this action was instituted: the record does not contain the summons, as required by Rule 19, Rules of Practice in the Supreme Court. 254 N.C. 785, 795-6.

It appears from the substance of a consent order, summarized in the record, entered at the November Term 1958, that the original plaintiffs were L. B. Paschal and H. L. Paschal, that L. B. Paschal died after the institution of the action, and that F. L. Paschal and the Guilford National Bank, Executors of the will of L. B. Paschal deceased, were made parties plaintiff in the stead of L. B. Paschal, and adopted the complaint as their own.

The complaint alleges in substance, except when quoted: "That the plaintiffs, prior to the 2nd day of April 1958, and since the 2nd day of April 1958, the plaintiff, L. B. Paschal, are the owners of and in possession" of a certain tract of land described by metes and bounds containing 96 acres situate in Bladen County. This is the same land described in a deed dated 19 August 1952 from David R. Smith et uxor to H. L. Paschal and L. B. Paschal, and properly recorded. Defendants through their agents David McKay and W. A. Johnson have wrongfully cut and removed timber from their land of the value of $1,500.00, for which they are entitled to recover damages in the sum of $3,000.00. G.S. 1-539.1.

Defendants' answer alleges in substance, except when quoted: They have no knowledge or information sufficient to form a belief as to whether plaintiffs own and are in possession of the tract of land described in the complaint, and therefore deny the allegations of the complaint in respect thereto. They deny that they have wrongfully cut and removed any timber from plaintiffs' land. And for a further answer and defense they allege that by deed dated 1 February 1904 T. D. Carter and wife conveyed to Edward Autry a certain tract of land consisting of 16.7 acres in Bladen County, which is described by metes and bounds. Edward Autry died intestate, and left him surviving "as his heirs at law the defendants James Autry, Oscar Autry, Edward Autry, Ada Whitted, Sally Redius, and they, with others who are heirs at law of Edward Autry, are the owners in fee simple of the tract of land next above described, and the said heirs defend this action for themselves and numerous other heirs of Edward Autry as a class." The defendants David McKay and W. A. Johnson have no right or interest in the said lands. If any part of the lands plaintiffs claim to own is within the boundaries of the tract of land described in their answer, then they deny plaintiffs' title to it.

Defendants by leave of court filed an amended answer in which they

PASCHAL *v.* AUTRY.

allege in substance: They, and those under whom they claim, have been in adverse possession of the land described in their answer for more than seven years under color of title next preceding the commencement of this action, and therefore plead the seven-year statute of limitations in bar of plaintiffs' right to recover the tract of land, or any part thereof, described in their answer. They also plead twenty years adverse possession as a defense in respect to the land described in their answer. If it should be found that they cut and removed any timber on land belonging to plaintiffs, they cut it in good faith, believing they were the owners of the land upon which the timber was cut.

It appears from the record that the action was heard by Robert H. Burns, Jr., referee, on 14 April 1960. However, no order of reference is in the record, and we do not know whether the reference was by consent or compulsory. It appears the order of reference was entered by Judge Mallard.

The parties stipulated as follows: Plaintiffs and defendants claim record title from a common source, to-wit, T. D. Carter and wife. The plaintiffs, as to the land described in the deed from H. L. Paschal and wife to L. B. Paschal, have a connected chain of record title to the common source. The defendants, as to the land described in the deed from T. D. Carter and wife to Edward Autry, have a connected chain of record title to the common source. The deed under which defendants claim has priority of registration over the deeds under which plaintiffs claim.

From the stipulations of the parties, and other parts of the record, it appears that L. B. Paschal was the owner in fee at the time of his death on 9 July 1958 of the tract of land described in the complaint. In the hearing before the referee L. B. Paschal's son Louis G. Paschal testified: "I am the son of L. B. Paschal and under the will of my father, my mother, brothers and sisters are the owners of this tract of land" —the land described in the complaint.

The referee's seventh and eighth findings of fact are as follows:

"7. Title to the said tract, containing 96 acres, more or less, hereinafter called the Paschal tract, passed through certain intervening transfers, as indicated by the attached abstracts, to L. B. Paschal, who died testate on the 9th day of July, 1958, leaving a will which is of record in Will Book No. 5, at page 408, office of Clerk of Superior Court of Bladen County. F. L. Paschal and the Guilford National Bank of Greensboro are the executors of said will, and the other plaintiffs are beneficiaries thereunder.

"8. As stipulated, the plaintiffs, as to such land as is legally

described in the deed from H. L. Paschal and wife, to L. B. Paschal, registered in Book 134, page 454, have a connected chain of record title to the common source, to-wit: T. D. Carter and wife, Emma Carter."

L. B. Paschal's will is not in the record. According to the record before us the widow of L. B. Paschal and his children are not parties to the action, unless F. L. Paschal who appears as one of the executors of his will is a son, and if so, he appears in a representative and not an individual capacity.

The referee in a preliminary statement to his report stated: "In order to simplify the issues relating to the title to the lands in controversy, certain stipulations were entered into among the parties as indicated by said transcript." These stipulations are set forth above.

The referee made elaborate findings of fact. From these findings of fact the following appears: The land of L. B. Paschal's heirs and the land of the defendants were parts of a tract of land containing 274 acres formerly owned by T. D. Carter and wife. By deed dated 1 February 1904, and recorded 27 November 1906, T. D. Carter and wife conveyed to Edward Autry, ancestor of defendants, a part of this 274 acres containing 16.7 acres, which was the southern and southeast portion of the 274 acres. Afterwards T. D. Carter and wife by deed dated 16 November 1907, and recorded the same day, conveyed to Adolphus Rich the said 274 acres of land, except the 16.7 acres formerly conveyed to Edward Autry. The heirs at law of Adolphus Rich in 1938 conveyed 96 acres of this land to W. I. Merritt, which as shown by the seventh and eighth findings of fact is the land now owned by the heirs of L. B. Paschal. The 96 acres of land owned by the L. B. Paschal heirs and the 16.7 acres now owned by the defendants adjoin. The twelfth finding of fact is: "As to the record title of the lands in controversy, the issue hinges upon the true location of the defendants' 16.7 acre tract above mentioned."

The description of the land in the complaint reads in part: "Beginning at Ned Autry's upper corner of the Emma Carter land on the Canal . . . thence south 70 degrees west 5.80 chains to Ned Autry's corner at the edge of the bay; thence his line north 36½ degrees west 20.00 chains to the beginning, containing 96 acres, more or less."

The referee made conclusions of law to this effect: Plaintiffs are the owners in fee simple and are entitled to the immediate possession of the tract of land described in the complaint, "excepting that part which is included within the known and visible lines and boundaries of a cultivated field located near or along the northern portion of the line connecting point '1' and '13' ". "The defendants are the owners

of and are entitled to the immediate possession of the said cultivated field up to the known and visible lines and boundaries thereof, by virtue of their possession for twenty years and more without color of title." Plaintiffs are entitled to recover from defendant David McKay the sum of $1,200.00 for cutting and removing timber.

The referee recommended to the court as follows: That judgment be entered in conformity with his conclusions of law, and "that a further survey be ordered to determine, establish and describe the known and visible lines and boundaries of the cultivated field above mentioned, which lies within the bounds of the lands contended for by the plaintiffs, to which they have record legal title."

Defendants filed what they call "Exceptions and Motion" to the referee's report, which are really arguments instead of pure exceptions. Defendants have no exceptions in the record, except in these so-called exceptions.

Judge Clark heard the referee's report and defendants' "Exceptions and Motion," and entered judgment approving and confirming the referee's report in all respects, except that he reduced the amount of damages for wrongfully cutting and removing timber to $600.00.

From the judgment entered, defendants appeal.

*Clark, Clark & Grady, By Giles R. Clark for defendants appellants.*
*Leon D. Smith for plaintiffs appellees.*

PARKER, J.   Defendants' assignments of error are not supported by any exceptions, except in the assignments of error. We allowed their motion to "group the exceptions to the assignments of error," but even now their assignments of error are not supported by any exceptions, except in the assignments of error.

The judgment of Judge Clark confirming the referee's report awards damages for plaintiffs against defendant David McKay for the wrongful cutting and removal of timber from the lands described in the complaint, adjudicates the boundaries and the location on the premises of the lands of the heirs of L. B. Paschal, and further adjudges that defendants have acquired title by adverse possession for more than twenty years without color of title to a cultivated field, "which lies within the bounds of the lands contended for by the plaintiffs, to which they have record legal title."

In respect to the cutting of timber plaintiffs' evidence shows the following: W. A. Johnson for the Autrys on 11 and 12 January 1955 cut timber on the lands claimed by the original plaintiffs. In 1955 David McKay cut one thousand trees and Mr. Paschal—the record does not show which Paschal—stopped him. In 1958 David McKay's

boys cut around 75 cords worth four or five dollars a cord. L. B. Paschal died 9 July 1958.

It would seem that the original plaintiffs were L. B. Paschal and H. L. Paschal, who apparently owned this 96 acres of land when the action was instituted. The record does not disclose the date of the conveyance by H. L. Paschal and wife of his interest in this land to L. B. Paschal.

The evidence of plaintiffs tends to show that the cutting and removal of timber from the 96 acre tract during the year 1955 occurred during the lifetime of L. B. Paschal, and that at the time of the 1955 cutting and removal he and H. L. Paschal owned the 96 acre tract of land. In other words, the cause of action for the cutting and removal of the timber during the year 1955 accrued during the lifetime of L. B. Paschal, to him in proportion to his interest in the land. We cannot determine from the record whether the 1958 cutting by David McKay's boys accrued prior to or subsequent to L. B. Paschal's death.

The rule of the common law that a personal right of action dies with the person has been changed by G.S. 1-74 and G.S. 28-172, and if a cause of action for damages for the wrongful cutting and removal of timber from realty belonging to L. B. Paschal deceased, in whole or in part, accrued during his lifetime, the action for damages survives to his executors, and must be brought by his executors rather than by his heirs or devisees. However, if such an injury to the realty was committed after his death, the right of action belongs to his heirs or devisees. *Mast v. Sapp,* 140 N.C. 533, 53 S.E. 350, 5 L.R.A. (N.S) 379, 111 Am. St. Rep. 864, 6 Ann. Cas. 384; *Suskin v. Maryland Trust Co.,* 214 N.C. 347, 199 S.E. 276; *McIntyre v. Josey,* 239 N.C. 109, 79 S.E. 2d 202; Strong's N. C. Index, Vol. 1, Abatement and Revival, sec. 9; *Penn Mutual Life Ins. Co. v. Heiss,* 141 Ill. 35, 33 Am. St. Rep. 273; 21 Am. Jur., Executors and Administrators, sec. 910; 33 C.J.S., Executors and Administrators, pp. 1055-6, rights of action connected with realty. G.S. 28-175, Actions which do not survive, has no application here. See also *Inman v. Meares,* 247 N.C. 661, 101 S.E. 2d 692.

We are not confronted here with special circumstances, for instance, where there is no administration of an estate and no necessity for an administration, as where there are no debts against it, etc. In such a case, it seems that the heirs' right of action for injury to real property, which accrued before the intestate's death, is generally recognized in most jurisdictions. 26A C.J.S., Descent and Distribution, sec. 85.

The judgment affirms the referee's report, except the judgment reduces the amount of damages awarded to plaintiffs against David McKay. We cannot determine from the judgment and referee's report whether the award of such damages included the cutting of tim-

ber by David McKay's boys in 1958, as shown by plaintiffs' evidence, and if so, whether this cutting of timber occurred prior to, or subsequent to, L. B. Paschal's death. If any cutting of timber by David McKay's boys occurred subsequent to L. B. Paschal's death, it cannot be recovered in an action by his executors, but the action must be brought by his devisees or heirs.

The Guilford National Bank appears here as a coexecutor and a party plaintiff. It is a matter of common knowledge that this bank no longer exists, but has been merged into the North Carolina National Bank, which should be substituted as party plaintiff.

The judgment adjudicates that the defendants are the owners of a cultivated field by reason of their actual adverse possession of it for twenty years without color of title, which cultivated field lies within the bounds of the lands contended for by the plaintiffs, and to which plaintiffs have record legal title. Defendants in their answer and amended answer have not alleged that they have acquired title by reason of twenty years adverse possession to any part of the land described in the complaint as belonging to the devisees or heirs of L. B. Paschal deceased, and, therefore, they cannot recover any part of the land described in the complaint by reason of twenty years adverse possession, no matter what their proof is. To establish a cause of action there must be both *allegata* and *probata*, and the two must correspond. Strong's N. C. Index, Vol. 3, Pleadings, sec. 28, where many cases are cited. This manifest error of law appears on the face of the record proper. As the devisees or heirs of L. B. Paschal deceased are not parties to the action, they are not bound by this adjudication. *Carney v. Edwards*, 256 N.C. 20, 122 S.E. 2d 786.

The judgment affirming the referee's report, except as to the reduction of damages awarded plaintiffs against David McKay, adjudicates the boundaries and location on the premises of the land described in the complaint. It would seem that it is necessary to determine these questions before it can be determined whether any timber was wrongfully cut and removed by the defendants, or any one of them, from the land described in the complaint. That was the theory of the trial below.

"Title to land of decedents does not vest in their executors but in their heirs at law or devisees." *Hinkle v. Walker*, 213 N.C. 657, 197 S.E. 129. The executors of L. B. Paschal have no right to maintain a cause of action to determine the boundaries and the location on the premises of the land described in the complaint owned by their decedent. The realty of their decedent did not vest in them, and they have no power to maintain an action concerning the realty, unless there is a provision in the will to that effect, and that is not shown.

The will is not in the record. This Court held in *Floyd v. Herring*, 64 N.C. 409, following *Ferebee v. Procter*, 19 N.C. 439, that "A personal representative has no control of the freehold estate of the deceased, unless it is vested in him by a will, or where there is a deficiency of personal assets and he obtains a license to sell real estate for the payment of debts. The control derived from a will may be either a naked power of sale or a power coupled with an interest. The heir of the testator is not divested of the estate which the law casts upon him, by any power or trust until it is executed." This is quoted in *Speed v. Perry*, 167 N.C. 122, 83 S.E. 176, and also in part in *Linker v. Linker*, 213 N.C. 351, 196 S.E. 329.

"Under the law, an administrator has no inherent interest in, title to, or control over the realty of his intestate." *Pack v. Newman*, 232 N.C. 397, 61 S.E. 2d 90.

"In the absence of a statute or will conferring title to, or the possession of, a decedent's realty upon the executor or administrator or giving him the right to maintain actions concerning the realty, the right of litigation concerning the realty of a decedent is vested solely in his heirs to the exclusion of the personal representative of the decedent." 21 Am. Jur., Executors and Administrators, sec. 1007. See Strong's N. C. Index, Vol. 2, Executors and Administrators, sec. 6.

The devisees or heirs at law of L. B. Paschal deceased are not bound by a judgment adjudicating the boundaries and fixing the location on the premises of the realty of L. B. Paschal deceased rendered in a cause to which they are not parties. *Oxendine v. Lewis*, 251 N.C. 702, 111 S.E. 2d 870.

It appears from the answer that all the heirs of Edward Autry are not parties defendant, and that the defendants who are some of his heirs defend the "action for themselves and numerous other heirs of Edward Autry as a class." How numerous these other heirs are the record does not show. Nor does it appear that the interest of the "other heirs" is similar to and consistent with those who are defendants. It would seem that the safe, if not necessary, procedure would be to make these "other heirs" parties defendant, so as to comply with due process, and bind them by the judgment finally rendered.

Defendants' exception to the judgment raises the question whether any error of law appears on the face of the record proper. This includes the question whether the facts found and admitted are sufficient to support the judgment, or whether the judgment is regular in form and supported by the verdict. *Moore v. Owens*, 255 N.C. 336, 121 S.E. 2d 540.

For manifest error of law appearing on the face of the record proper adjudicating the defendants the owners by twenty years adverse pos-

session without color of title of a cultivated field to which the devisees or heirs of L. B. Paschal deceased have record title, and for the reason that the judgment adjudges the boundaries and location on the premises of the land described in the complaint, a cause of action which the executors of L. B. Paschal deceased cannot maintain, and for the further reason that we cannot determine from the record whether the award of damages includes wrongful cutting and removal of timber occurring after L. B. Paschal's death, the judgment below is set aside and a new trial is ordered. The devisees or heirs at law of L. B. Paschal deceased should be made parties plaintiff, and all the heirs of Edward Autry deceased should be made parties defendant, in order that all the matters in controversy here between them may be finally adjudicated, and all such parties bound by the judgment finally rendered. It would seem that the parties should apply to the trial court for permission to recast their pleadings so as clearly to allege the matters in controversy between them.

Error and remanded.