THOMAS L. WOOD v. CARMIE ESLEY WOOD AND HIS WIFE, ESTHER WOOD

No. 7420SC467

(Filed 16 October 1974)

1. **Executors and Administrators § 6— death of property owner — vesting of title**

Upon the death of a person intestate, title to the decedent's personal property vests in his personal representative and title to his lands vests in his heirs, subject to being sold only if the personalty

Wood v. Wood

is insufficient to pay the debts of the estate, and the lands are not assets of the estate until sold and the proceeds received by the administrator.

2. **Cancellation of Instruments § 7— attack on conveyance on ground of fraud — party who may bring action**

The right to attack a conveyance on the ground of fraud or undue influence rests solely in the grantor, or, upon his death intestate, in his heirs, or, upon his death testate, in his devisees, or, if the property is personalty, in his personal representative; if the personal representative is required to sell land to make assets, the personal representative rather than the heirs or devisees may bring the action.

3. **Cancellation of Instruments § 7; Executors and Administrators § 6— attack on conveyance on ground of fraud — right of administratrix to maintain action**

In an action originally brought by grantor to have a deed set aside on the ground of fraud where the grantor died and the administratrix requested that she be substituted as plaintiff, the cause is remanded for further findings and a determination as to whether the administratrix is required to sell the real property in question to pay the obligations of the estate, since such finding will determine who has the right to bring this action to set aside the deceased grantor's conveyance.

SADIE Shelton, administratrix of the estate of Thomas L. Wood, appeals from an order of *Seay, Judge,* 21 January 1974, Session of MOORE County Superior Court.

This action was originally brought by Thomas L. Wood on 5 June 1967 to have a certain deed made by Thomas L. Wood set aside, alleging fraud in its procurement by defendants. The record shows Thomas L. Wood died 11 March 1969, and Sadie Shelton was appointed administratrix on 26 August 1969. The trial court, upon being informed that plaintiff had died, dismissed the action 2 September 1970. On 10 September 1973, the administratrix moved to set aside the order of 2 September 1970 pursuant to G.S. 1A-1, Rule 60(b)(4) and requested that she be substituted as plaintiff pursuant to G.S. 1A-1, Rule 25(a). Administratrix also requested leave to file a supplemental complaint pursuant to G.S. 1A-1, Rule 15(d). The trial court denied the motions of the administratrix.

*William D. Sabiston, Jr. and Hurley E. Thompson, Jr., for movant appellant.*

*Seawell, Pollock, Fullenwider, Van Camp & Robbins, by James R. Van Camp and Cynthia Jean Zeliff, for defendant appellee.*

---

Wood v. Wood

---

MARTIN, Judge.

Administratrix contends that the order of 2 September 1970 was a nullity in that it failed to comply with the requirements of G.S. 1A-1, Rule 25 and, therefore, the motion of administratrix to obtain relief from a void judgment pursuant to G.S. 1A-1, Rule 60(b)(4) should have been allowed. Defendant argues that a motion to relieve a party on the basis that the judgment is void must be brought within a reasonable time. Apparently, federal cases conflict with defendant's argument. "By the same token, there is no time limit on an attack on a judgment as void. The one-year limit applicable to some Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a 'reasonable time', which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion." 11 Wright and Miller, Federal Practice and Procedure, § 2862, p. 197 (1973). We do not decide this issue, nor do we decide the issue of whether the order of 2 September 1970 was void or merely irregular.

At the threshold of our consideration of this case, we are confronted with the question of law whether the administratrix is the real party in interest to bring this action. It is fundamental that the real party in interest must prosecute a claim. G.S. 1A-1, Rule 17(a) ; G.S. 1-57. In *Kelly v. Kelly*, 241 N.C. 146, 151, 84 S.E. 2d 809 (1959), the court states:

> "We now consider the plaintiff's demurrer to the further answer and defense of John Kelly and wife, in which they allege the plaintiff's deed is invalid by reason of the mental and physical condition of Sam Kelly, Jr., at the time the deed is purported to have been executed, and that it was obtained by the plaintiff through undue and improper influence and duress upon the said Sam Kelly, Jr. In our opinion, these defendants are without legal authority to assert such an attack. This right is vested exclusively in the heirs of Sam Kelly, Jr. (Sam Kelly, Jr. having died since the execution of said deed and, according to plaintiff's brief, these defendants are not his heirs), unless the personal representative of Sam Kelly, Jr., deceased, is required to sell real estate in order to create assets to pay the obligations of his estate. In this event, his personal representative would have the right to bring such an action."

[1, 2] "Upon the death of a person intestate, title to the decedent's personal property vests in his personal representative and title to his lands vests in his heirs, subject to being sold only if the personalty is insufficient to pay the debts of the estate, and the lands are not assets of the estate until sold and the proceeds received by the administrator." 3 Strong, N. C. Index 2d, Executors and Administrators, § 6, p. 721, and cases cited therein. See also *Paschal v. Autry,* 256 N.C. 166, 123 S.E. 2d 569 (1962). "The right to attack a conveyance on the ground of fraud or undue influence rests solely in the grantor, or, upon his death intestate, in his heirs, or, upon his death testate, in his devisees, or, if the property is personalty, in his personal representative. . . . If the personal representative is required to sell land to make assets, the personal representative rather than the heirs or devisees may bring the action." 2 Strong, N. C. Index 2d, Cancellation of Instruments, § 7, p. 68-69, and cases cited therein.

[3] The foregoing rules apply to determine who has a right to bring an action to set aside the decedent's conveyance. In the case at bar, the record does not show whether the administratrix is required to sell the real property in question in order to create assets to pay the obligations of the estate. If such were the case, then it would appear that the heirs of Thomas L. Wood, if any, would be necessary parties to this action. G.S. 1A-1, Rule 19 (a) and (b). See also *Paschal v. Autry, supra; Wall v. Sneed,* 13 N.C. App. 719, 187 S.E. 2d 454 (1972).

Without expressing any opinion as to the merits of this action, the order of Judge Seay on 24 January 1974 is vacated and remanded for further findings of fact and action as the law directs.

Judgment vacated and cause remanded.

Chief Judge Brock and Judge Morris concur.