ROBERT LOUIS JONES AND BRENDA A. PORTER, PLAINTIFFS v. RICHARD D. CLARK, T/A RICHARD D. CLARK ASSOCIATES, AND WIFE, TONI B. CLARK, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. LESCO HOMES, IN-CORPORATED OF NORTH CAROLINA AND PITTSBURGH TESTING LABORATORY THIRD-PARTY DEFENDANTS

No. 7721DC453

(Filed 16 May 1978)

1. Appeal and Error § 6.8— right of appeal from summary judgment

There is a right of appeal under G.S. 1-277 from an order granting summary judgment, notwithstanding the failure to meet the requirements for a Rule 54(b) appeal where a substantial right is affected.

Jones v. Clark

2. **Uniform Commercial Code § 15— seal on modular home—no implied warranty**

Where third party plaintiffs alleged that one of the third party defendants had placed upon a modular home its seal certifying that the home was "approved for use and occupancy," but third party plaintiffs dealt exclusively with the other third party defendant in purchasing the home, third party plaintiffs had no cause of action against third party defendant who inspected the home for breach of an implied warranty, since (1) an implied warranty of workmanlike construction cannot properly be imputed to one who simply allows its seal of inspection to be placed on a product manufactured by someone else; (2) G.S. 25-2-314 and G.S. 25-2-315 are inapplicable because they apply only to transactions in goods, but any implied warranty of third party defendant would concern the quality of its inspection services rather than the quality of goods; and (3) if the doctrine of implied warranty were applicable to inspection services, third party plaintiffs would have to prove that they were in privity of contract with third party defendant in order to recover, and third party plaintiffs made no such showing.

3. **Uniform Commercial Code § 15— seal on modular home—no express warranty**

Where third party plaintiffs bought from one third party defendant a modular home on which the other third party defendant had placed its seal certifying that the home was "approved for use and occupancy," there was no express warranty running from third party defendant which affixed the seal to the unit, since the reason for placing the seal on the house was to avoid certain state and local building inspections and to qualify the completed unit for FHA mortgage insurance and Low Rent Public Housing projects; the parties did not intend to induce the reliance of the consuming public by placing the seal on the unit, as indicated by its placement on a living room closet door rather than in a conspicuous place; third party plaintiffs were builders and should have known the underlying reasons for the presence of the seal; no written warranty was given by the third party plaintiffs to the ultimate purchasers; and third party plaintiffs could not have relied upon representations in the seal, since, at the time they entered into the contract for the building of the house, there was no seal present and no representation by third party defendant upon which third party plaintiff could rely.

APPEAL by defendants/third-party plaintiffs from *Tash, Judge.* Judgment entered 14 January 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 7 March 1978.

Plaintiffs commenced this action 6 February 1975, by the filing of a complaint alleging breach of warranty by defendants in the sale of a personal residence. Defendants answered 19 April 1975 denying liability. Additionally, defendants' answer included a third-party complaint and a counterclaim.

In their third-party complaint, defendants allege that Lesco Homes, Incorporated of North Carolina (Lesco), manufactured the modular home which is the subject of this suit and transported it

Jones v. Clark

to the construction site, where the foundation had been laid. The third-party complaint further alleges that Pittsburgh Testing Laboratory (PTL) inspected the modular homes built by Lesco and had given this particular home its seal of approval.

By allowing to be placed upon the modular home the seal of PTL certifying that the home was "approved for use and occupancy", defendants/third-party plaintiffs allege that PTL is liable upon the warranties, both express and implied, to them for any damages they may incur in the present unit.

After a period of discovery and on 21 October 1976, PTL moved the court for summary judgment under Rule 56. A hearing on the motion was held 10 January 1977. By order of 14 January 1977, the trial court granted summary judgment in favor of the third-party defendant PTL. From that judgment defendants/third-party plaintiffs appeal.

*Westmoreland and Sawyer, by Barbara C. Westmoreland and Gregory W. Schiro, for defendant/third-party plaintiff appellants.*

*Deal, Hutchins, and Minor, by William Kearns Davis, for third-party defendant appellee.*

MORRIS, Judge.

[1] In this case, the first question presented is whether the appeal should be dismissed as is urged by the appellee (third-party defendant). PTL asserts that the appeal does not meet the requirements of Rule 54(b) for an interlocutory appeal where final judgment is entered "as to one or more but fewer than all of the claims or parties" because the trial judge did not determine that "there is no just reason for delay". Our Supreme Court has addressed the same issue on two occasions and has held that there is a right of appeal under G.S. 1-277 from an order granting summary judgment, notwithstanding the failure to meet the requirements for a Rule 54(b) appeal where a substantial right is affected. *Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976); *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). Here the summary judgment determined the claim of defendants Clark against PTL. The possibility of PTL's having to indemnify defendants Clark is remote. Should the summary judg-

ment be upheld, Lesco is still a party and is obligated to indemnify PTL. We, nevertheless, choose to discuss and decide the matter on its merits.

Defendants/third-party plaintiffs have alleged a breach of both express and implied warranties by PTL. The cause of action is based upon a warranty claim growing out of a contract and not upon a tort. We will examine separately the alleged breach of express and implied warranty.

[2] As to the allegations of breach, the complaint does not reveal the nature of the alleged implied warranties, nor does the record suggest their nature. We do not believe that an implied warranty of workmanlike construction such as the one the Court discussed in *Hartley v. Ballou*, 286 N.C. 51, 209 S.E. 2d 776 (1974), can properly be imputed to one who simply allows its seal of inspection to be placed on a product manufactured by someone else. Additionally, we do not believe that the provisions of the Uniform Commercial Code, specifically G.S. 25-2-314 and G.S. 25-2-315, are properly applicable. Article 2 of the Uniform Commercial Code applies to transactions in *goods*. G.S. 25-2-102. In this case, any implied warranty of PTL would concern the quality of its inspection *services* rather than the quality of *goods*. Thus, Article 2 does not apply.

If some other type of implied warranty were arguably applicable, we believe that such an implied warranty could not meet the privity requirements. Our courts, as a general rule, have continued to require that one seeking to recover on an implied warranty prove privity of contract. *Wyatt v. Equipment Co.*, 253 N.C. 355, 117 S.E. 2d 21 (1960). This privity requirement has been relaxed in cases involving the sale of goods. *See* G.S. 25-2-318. However, this relaxation of the privity requirement has not yet been extended to services. Thus, assuming that the doctrine of implied warranty were applicable to inspection services, third-party plaintiffs would have to prove that they were in privity of contract with PTL in order to recover. The record before us does not suggest in any manner that PTL and the Clarks had direct dealings sufficient to establish privity of contract. The Clarks purchased the unit from Lesco. Only Lesco dealt directly with PTL. Thus, we find no cause of action for breach of an implied warranty.

[3]   Next, we must determine whether there is any express warranty running from PTL to the Clarks. With respect to express warranties, the privity requirement does not present the same problem as is present with respect to implied warranties. Indeed, in some cases our Courts have held that an express warranty existed while simultaneously holding that the plaintiff had not established privity of contract to base his recovery on an implied warranty. *See Corprew v. Chemical Corp.*, 271 N.C. 485, 157 S.E. 2d 98 (1967). Therefore, if the defendants/third-party plaintiffs can establish that there was an express warranty running from PTL to them and that the warranty has been breached, they are entitled to recover on that warranty.

The only evidence of the existence of an express warranty is the fact that the seal of PTL was affixed to the unit in the living room closet. There is no evidence of the precise wording of the seal or the exact appearance of the seal. The third-party complaint, verified by both Richard D. Clark and Toni B. Clark, says that the seal certified that the unit was "approved for use and occupancy". The record presents no other evidence of any other possible contact between the Clarks and PTL. The whole claim must, therefore, rest upon the presence of the seal. There is evidence that the reason Lesco used PTL's services and the reason for placing the seal on the unit was to avoid the necessity of certain state and local building inspections and to qualify the completed unit for Federal Housing Administration mortgage insurance and Low Rent Public Housing projects. Indeed, the seal was placed on the unit on a living room closet door rather than in a conspicuous place on the exterior or on a large wall. This evidence strongly suggests that the parties did not intend, by the placing of the seal on the unit, to induce the reliance of the consuming public. Additionally, the Clarks were builders and would know the underlying reasons for the presence of the PTL seal. Even more revealing is the fact that no written warranty was given by the Clarks to the ultimate purchasers. This fact casts grave doubt upon the Clarks' contention that they relied upon the representations of the seal. We do not believe that these facts are sufficient to establish the existence of a warranty.

The ultimate flaw in the Clarks' complaint, however, is revealed by an examination of the sequence of events. The third-party complaint alleges that "the defendants/third-party plaintiffs

entered into a contract *for the construction of a modular home* by ... Lesco. . . ." (Emphasis added.) The Clarks base their allegation of an express warranty on the presence of the seal. The seal, of necessity, was placed on the unit only *after construction.* Therefore, at the time of entering into the contract, there was no seal present and no representation of PTL upon which the Clarks could rely. The record is devoid of any evidence whatsoever that PTL made any representation to the Clarks other than the representations found in the seal itself. Thus, the Clarks could not have detrimentally relied on the representations in the PTL seal. Without reliance on the warranty by the Clarks, PTL cannot be bound by an express warranty. *See Hollenbeck v. Fasteners Co.,* 267 N.C. 401, 148 S.E. 2d 287 (1966). The third-party complaint plainly establishes the lack of reliance.

The action of the trial court in granting summary judgment in favor of third-party defendant PTL is

Affirmed.

Judges MARTIN and ARNOLD concur.