THOMAS L. STRONG and THE TRAVELERS INDEMNITY COMPANY v. A. P.
JOHNSON

No. 8020DC1197

(Filed 7 July 1981)

**Sales § 6.4— warranty in sale of house by builder-vendor—right of subsequent
owner to sue**

> The right to sue for breach of implied warranty that a house has been
> completed in an efficient and workmanlike manner and that it is suitable for
> habitation is extended to those who inherit a dwelling from the initial pur-
> chaser.

APPEAL by plaintiffs from *Huffman, Judge.* Judgment
entered 25 September 1980 in District Court, MOORE County.
Heard in the Court of Appeals 28 May 1981.

On or about 8 March 1974, defendant Johnson entered into a
building contract with Helen E. Strong to construct a dwelling for
her on an unimproved lot in Southern Pines, North Carolina.
Johnson and his wife conveyed the lot to Helen Strong by deed
filed 25 March 1974. Johnson completed the dwelling in late July
or early August 1974. Helen Strong died on 21 December 1977
and, by her will, left the property to her brother, plaintiff Thomas
L. Strong. Strong rented the property to Mr. and Mrs. John Lea,
who occupied the residence on 24 December 1978. On that date a
fire broke out behind the fireplace. Strong contends the fire was
caused by defective construction of the fireplace.

Plaintiff Travelers Indemnity Company provided fire in-
surance coverage on the house and was subrogated against de-
fendant for sums expended due to the fire. Both plaintiffs allege a
breach of an implied warranty of fitness for a dwelling.

Defendant filed a motion for summary judgment on the
grounds that plaintiff Strong did not contract initially with de-
fendant for the construction of the house. Upon hearing this mo-
tion, the trial judge entered findings of fact and concluded:

> [T]here is no genuine issue as to any material fact concerning
> the grounds for this motion; the Plaintiffs are not the initial
> vendees of the property which is the subject matter of this
> suit, and have no standing to maintain this action and are not
> the real parties in interest as required by North Carolina

General Statute Section 1-57; and the Defendant is entitled to a judgment dismissing the Plaintiffs' Complaint as a matter of law.

From the granting of summary judgment in favor of defendant, plaintiffs appeal.

*Bruce T. Cunningham, Jr. for plaintiff appellants.*

*J. Stephen Gaydica III for defendant appellee.*

MARTIN (Harry C.), Judge.

By their appeal, plaintiffs urge this Court to extend the right to sue for breach of implied warranty, as established in *Hartley v. Ballou*, 286 N.C. 51, 209 S.E. 2d 776 (1974), to those who inherit a dwelling from the initial purchaser. This is a question of first impression in North Carolina, and we are aware of no cases from other jurisdictions which address this precise issue.

In *Hartley*, our Supreme Court relaxed the doctrine of *caveat emptor* with respect to defects in new dwellings of which the purchaser was unaware and could not discover by reasonable inspection. It compared the situation to the sale of goods, controlled by the Uniform Commercial Code, in N.C.G.S. 25-2-316(3)(b). The Court concluded:

> [I]n every contract for the sale of a recently completed dwelling, and in every contract for the sale of a dwelling then under construction, the vendor, if he be in the business of building such dwellings, shall be held to impliedly warrant to the initial vendee that, at the time of the passing of the deed or the taking of possession by the initial vendee (whichever first occurs), the dwelling, together with all its fixtures, is sufficiently free from major structural defects, and is constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction; and that this implied warranty in the contract of sale survives the passing of the deed or the taking of possession by the initial vendee.

286 N.C. at 62, 209 S.E. 2d at 783.

Although the Court held that, at the time of the execution of the contract of sale, the defendant builder-vendor impliedly warranted to the plaintiff that the basement of his newly constructed

dwelling was sufficiently waterproofed, in accordance with the prevailing standards of workmanlike quality, it found that the plaintiff became aware of the defect and accepted the defendant's efforts to remedy the problem. For that factual reason, the Supreme Court reversed the Court of Appeals, stating that this Court acted under a misapprehension of the applicable law as to the nature of the implied warranty. Nevertheless, the language of Judge Morris (now Chief Judge) in *Hartley v. Ballou*, 20 N.C. App. 493, 498, 201 S.E. 2d 712, 715, *rev'd on other grounds*, 286 N.C. 51 (1974), provides us with an excellent summary of the policy reasons for recognizing an implied warranty:

> [L]ooking at the situation in a practical way, we are of the opinion that most potential homeowners lack the competency to do their own inspections. Even if he were skilled, there is little he could uncover, because most litigation is over defects which are found in the home's foundation. This can only be checked effectively at a time when none of the building proper has been constructed. It would seem to us, therefore, that the purchaser of a completed house is relying much more heavily on the superior skill and knowledge of the builder than is the purchaser of a house under construction.

*See also Rutledge v. Dodenhoff*, 254 S.C. 407, 175 S.E. 2d 792 (1970).

In *Lyon v. Ward*, 28 N.C. App. 446, 450, 221 S.E. 2d 727, 729 (1976), this Court interpreted *Hartley* "to stand for the proposition that a builder-vendor impliedly warrants to the initial purchaser that a house and all its fixtures will provide the service or protection for which it was intended under normal use and conditions." Judge Hedrick noted the inequities of the doctrine of *caveat emptor*, in that it does a disservice, not only to the ordinary prudent purchaser, but to the housing industry as well, by encouraging poor quality work and unscrupulous operations.

In *Hinson v. Jefferson*, 287 N.C. 422, 215 S.E. 2d 102 (1975), the Supreme Court referred to the theory of implied warranty as a "well-reasoned exception" to the *caveat emptor* doctrine, and extended it to a situation

> where a grantor conveys land subject to restrictive covenants that limit its use to the construction of a single-family dwelling, and, due to subsequent disclosures, both

unknown to and not reasonably discoverable by the grantee before or at the time of conveyance, the property cannot be used by the grantee, or by any subsequent grantees through mesne conveyances, for the specific purpose to which its use is limited by the restrictive convenants . . ..

*Id.* at 435, 215 S.E. 2d at 111.

Chief Justice Sharp, in *Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 225 S.E. 2d 557 (1976), further explained that the implied warranty

arises by operation of law, not by specific factual agreement between the parties. Without question, however, a builder-vendor and a purchaser could enter into a binding agreement that such implied warranty would not apply to their particular transaction.

. . . .

. . . The implied warranty of workmanlike quality of construction does not exist by reason of a representation or inducement made by the builder-vendor, nor does it exist by reason of a representation or inducement made by the builder's sales agent, the real estate broker. Instead, it exists *by operation of law.*

*Id.* at 202, 225 S.E. 2d at 567-68 (emphasis in original). In *Griffin*, the Court allowed the purchaser of a new home, which accumulated water under the house, to proceed against a builder-vendor who was not one of the parties to the purchase contract.

At the present time, the right of an action under an implied warranty theory in North Carolina has been limited to the sale of a new residential dwelling to a consumer-vendee. *Stanford v. Owens*, 46 N.C. App. 388, 265 S.E. 2d 617, *disc. rev. denied*, 301 N.C. 95 (1980). *See also Jones v. Clark*, 36 N.C. App. 327, 244 S.E. 2d 183 (1978); *Industries Inc. v. Construction Co.*, 29 N.C. App. 270, 224 S.E. 2d 266, *disc. rev. denied*, 290 N.C. 551 (1976). No recovery has been granted to a plaintiff other than the initial purchaser. In light of the above-stated policies and decisions, however, we see no reason why an implied warranty should not extend to one who inherits a new home from the original vendee. Defendant's arguments to the contrary are based on the lack of

precedent, the long statute of limitations under N.C.G.S. 1-15(b) (repealed effective 1 October 1979, replaced in effect by N.C.G.S. 1-52(16) effective 1 October 1979), and the potential monetary and administrative burdens to builders and developers. We are not persuaded.

Had the original vendee, Helen Strong, died after the contract to purchase had been executed, but before the deed or possession of the property was transferred to her, plaintiff Strong would have been entitled to the residence as devisee under her will. *See* 3 Strong's N.C. Index 3d Conversion in Equity § 1 (1976). It would be unjust to deny an action on an implied warranty under that circumstance. Similarly, if this cause of action had arisen before Helen Strong's death, her representatives would have been authorized to bring the suit. N.C. Gen. Stat. 1-22, 1979 Supp., and 28A-18-1.

We find the factual situation in *Paschal v. Autry*, 256 N.C. 166, 123 S.E. 2d 569 (1962), to be analogous to that in the case sub judice. In *Paschal*, the plaintiffs' evidence tended to show that the defendants had cut timber from land before and after the death of the owner. In determining who had standing to sue, the Court held that if the action for damages accrued, in whole or in part, during the decedent's lifetime, "the action for damages survives to his executors, and must be brought by his executors rather than by his heirs or devisees. However, if such an injury to the realty was committed after his death, the right of action belongs to his heirs or devisees." *Id.* at 172, 123 S.E. 2d at 573. *See also Wood v. Wood*, 23 N.C. App. 352, 208 S.E. 2d 705 (1974). Here, although the alleged injury, the defect, took place before Helen Strong died, no cause of action arose until it was, or should have been, discovered, or within ten years of the last act of defendant. *See Earls v. Link, Inc.*, 38 N.C. App. 204, 247 S.E. 2d 617 (1978); N.C. Gen. Stat. 1-52(16).

To deny plaintiff Strong a right of action against the builder-vendor would deny him any remedy. Our state's constitution provides that "every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law." N.C. Const. art. I, § 18.

We hold that a person who inherits a dwelling may seek recourse for defects which his predecessor would have been

entitled to pursue. By this decision we do not intimate any opinion as to whether an implied warranty should be extended to purchasers of the property subsequent to the initial vendee, although the courts of a few jurisdictions have begun inroads in that direction. *See* Annot., 25 A.L.R. 3d 383 § 6 (1969 and 1980 Supp.). Furthermore, as none of the factual issues of this case are before us on this appeal, we refrain from comment upon their merits.

Reversed.

Judges HEDRICK and WELLS concur.