STEPHEN MICHAEL GEORGE AND WIFE, SHARON GEORGE v. RAY A. VEACH AND WIFE, FRANCES M. VEACH

No. 8321DC348

(Filed 17 April 1984)

1. **Sales § 6.4; Vendor and Purchaser § 6.1— defective septic tank system—breach of implied warranty by builder-vendor**

     Plaintiffs' evidence was sufficient for the jury on the issue of defendant builder-vendor's breach of an implied warranty of habitability because of a defective septic tank system where it tended to show that plaintiffs had occupied a house purchased from defendant for only six months when the septic tank system failed; the natural soil on the site precluded use of any septic system; the initial septic tank system was not properly constructed by defendant; a "soil transplant" was performed on the site with the wrong type of soil; restrictive covenants permitted only single family residences on plaintiffs' lot; and sewage overflow created a health hazard and rendered plaintiffs' house unsuitable for use as a residence.

2. **Sales § 6.4; Vendor and Purchaser § 6.1— implied warranty by builder-vendor—applicability to septic tank system**

     The implied warranty of a builder-vendor of a dwelling that the dwelling was constructed in a workmanlike manner and is habitable extends to a septic tank system for the dwelling.

3. **Sales § 6.4; Vendor and Purchaser § 6.1— septic tank system—implied warranty of builder-vendor—effect of inspection by county**

     A builder-vendor is not insulated from liability on an implied warranty of habitability on the ground that a defective septic tank system was designed, approved and inspected by the county health department.

APPEAL by plaintiffs from *Alexander, Judge.* Judgment entered 18 November 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 16 February 1984.

Plaintiffs purchased from defendants a house built by defendant Ray A. Veach (defendant-builder), who was in the business of building and selling houses. Public sewage disposal was unavailable, and the house thus was equipped with a septic tank system. This system failed a few months after plaintiffs occupied the house. Efforts to remedy the failure were unsuccessful.

Plaintiffs thus brought this action for breach of implied warranty and unfair or deceptive trade practices (G.S. 75-1.1). At the close of plaintiffs' evidence the trial court granted directed verdict for defendant Frances M. Veach on all claims and for defendant-builder on the unfair or deceptive trade practices claim. At the close of all the evidence it granted defendant-builder's motion for directed verdict on the implied warranty claim.

Plaintiffs appeal.

*Morrow and Reavis, by John F. Morrow, for plaintiff appellants.*

*Frye, Booth, Porter & VanZandt, by Leslie G. Frye, for defendant appellee.*

WHICHARD, Judge.

Plaintiffs' sole contention is that the court erred in granting directed verdict for defendant-builder on the implied warranty claim. We agree, and accordingly reverse.

In this jurisdiction an implied warranty accompanies the sale of newly constructed dwellings.

> [I]n every contract for the sale of a recently completed dwelling . . . the vendor, if he be in the business of building such dwellings, shall be held to impliedly warrant to the initial vendee that, at the time of the passing of the deed or the taking of possession by the initial vendee (whichever first occurs), the dwelling, together with all its fixtures, is sufficiently free from major structural defects, and is constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction; and . . . this implied warranty in the contract of sale survives the passing of the deed or the taking of possession by the initial vendee.

*Hartley v. Ballou,* 286 N.C. 51, 62, 209 S.E. 2d 776, 783 (1974).

Directed verdict for defendant-builder on the implied warranty claim presented here was proper only if the evidence, considered in the light most favorable to plaintiffs, was legally insufficient to take the case to the jury and support a verdict for plaintiffs. *Koonce v. May,* 59 N.C. App. 633, 634, 298 S.E. 2d 69, 71 (1982). The evidence, so considered, showed the following:

[1] Due to poor soil conditions, no acceptable septic system was available for the lot at the time of construction. An expert witness testified that defendant-builder performed a "soil transplant" with the wrong type of soil. Other evidence indicated that, prior to repairs made by plaintiffs, a septic tank line had been placed in the wrong area, and a French drain had been improperly installed. Sewage overflow created a health hazard and rendered plaintiffs' house unsuitable for use as a residence. Restrictive covenants permitted only single family residences on plaintiffs' lot, and plaintiffs bought the house for use as a residence.

Evidence for plaintiffs thus showed that (1) the initial septic tank system was poorly constructed by defendant, (2) the improper soil transplant resulted in a major structural defect, and (3) the natural soil on the site precluded use of any septic system and thus precluded residential use of the property. Nothing else appearing, such evidence would suffice to take the case to the jury and support a verdict for plaintiffs.

[2] Defendant-builder argues, however, that "the implied warranty theory as regards the sale of residential property [is] not applicable to septic tanks/sewage systems." Our Supreme Court has stated that the implied warranty covers "the dwelling, together with all its fixtures." *Hartley, supra.* It also has held that the implied warranty covers the ability of property to support a septic tank system. *Hinson v. Jefferson,* 287 N.C. 422, 215 S.E. 2d 102 (1975). It stated:

> [W]here a grantor conveys land subject to restrictive covenants that limit its use to the construction of a single-family dwelling, and, due to subsequent disclosures, both unknown to and not reasonably discoverable by the grantee before or at the time of conveyance, the property cannot be

used by the grantee, or by any subsequent grantees through mesne conveyances, for the specific purposes to which its use is limited by the restrictive covenants, the grantor breaches an implied warranty arising out of said restrictive covenants.

*Hinson, supra,* 287 N.C. at 435, 215 S.E. 2d at 111.

While not directly on point, we find *Hinson,* considered together with *Hartley,* instructive. To hold that an implied warranty covers the ability of property to support a septic tank system, but does not extend to the system itself, would be illogical and inconsistent, and would render vacuous the warranty as to the supportive capacity of the underlying property. Further, where a dwelling house lies beyond the reach of public or community sewage facilities, a septic tank or on-site sewage disposal system is generally an essential element of habitability. A holding that the implied warranty is "not applicable to septic tanks/sewage systems" thus would render the warranty virtually vacuous in its entirety. We thus reject defendant-builder's contention that the implied warranty is not applicable to septic tank/sewage systems.

[3] Defendant-builder also argues that he should be insulated from liability because the Forsyth County Health Department designed the system, oversaw his construction of it, and approved the completed system. An implied warranty arises by operation of law, *Griffin v. Wheeler-Leonard & Co.,* 290 N.C. 185, 202, 225 S.E. 2d 557, 567-68 (1976), and imposes strict liability upon the warrantor, *see* W. Prosser, *Law of Torts* §§ 95, 97 (4th ed. 1971). Defendant-builder cites no authority for the proposition that government regulation of a construction activity insulates a builder-vendor from the liability which an implied warranty imposes. He analogizes, instead, to cases holding builders free from liability where they have constructed in accord with plans and specifications furnished by the property owner. *See Bd. of Education v. Construction Corp.,* 50 N.C. App. 238, 241-42, 273 S.E. 2d 504, 506-07 (1981); Annot., 6 A.L.R. 3d 1394 (1966). The rationale of those cases is that where a builder merely follows the owner's plans, it would be inequitable to allow the owner to recover from him for construction defects caused by flaws in the plans.

Plaintiffs did not design the septic tank system here, however, and the rationale of those cases is thus inapposite. As

noted, fault on the part of the builder-vendor is not a prerequisite to liability under the doctrine of implied warranty. *Griffin, supra;* W. Prosser, *supra.* The initial vendee need only show that the house was not constructed in a workmanlike manner or was not habitable.

A neighboring jurisdiction has rejected the position for which defendant-builder contends. *See Rutledge v. Dodenhoff,* 254 S.C. 407, 175 S.E. 2d 792 (1970). The court there stated:

> [D]efendants contend that they installed the septic tank and field drains therefrom in accordance with the specifications of the Greenville County Health Department and that such fact should relieve them from liability.
>
> The short answer to the foregoing contention is that this action for breach of an implied warranty is not based on negligence. There was an implied warranty which bound the defendants absolutely for the existence of the warranted qualities in the building, irrespective of any fault on their part.

*Id.* at 414-15, 175 S.E. 2d at 795.

In a subsequent case, *Lane v. Trenholm Bldg. Co.,* 267 S.C. 497, 229 S.E. 2d 728 (1976), that court again affirmed a judgment for a house purchaser. It did so on the ground that failure of a septic tank system to function properly breached an implied warranty that the house was fit for use as a residence. It gave as a *ratio decidendi* "the reasonable expectations of the parties," stating: "When a product is sold, the parties contemplate an expected use of the product. One of the primary objectives of the law of contracts and sales is to carry out the reasonable expectations of the parties." *Id.* at 502, 229 S.E. 2d at 730. It stated further: "The sale contemplated the use of the house as the dwelling; an implied warranty does no more than fulfill the reasonable expectations of the parties." *Id.* at 503, 229 S.E. 2d at 731.

We find these cases persuasive. We also note that this Court has held that a vendor of a modular home, who was the defendant in a breach of warranty action brought by the vendee, could not recover over from a third-party defendant which had placed its seal of inspection on the home. *Jones v. Clark,* 36 N.C. App. 327, 244 S.E. 2d 183 (1978). The rationale of that holding would seem

to preclude insulating a vendor from liability on an implied warranty of habitability on the ground that a defective septic system was inspected by a county health department. We note further that this Court has held that, absent express contractual agreement between a builder-vendor and his well-drilling subcontractor, the builder-vendor is liable to the purchaser for breach of implied warranty if the water supply is inadequate; and he cannot recover over from the well-drilling subcontractor. *Lyon v. Ward,* 28 N.C. App. 446, 221 S.E. 2d 727 (1976). The rationale of that holding also would seem to preclude insulating the vendor from liability on the basis of the health department's inspection, absent contractual agreement by the health department to assume responsibility for the functioning of the septic system. There is no evidence here of such contractual agreement.

"The basic and underlying principle of [the implied warranty doctrine] is a recognition that in some situations the rigid common law maxim of *caveat emptor* is inequitable." *Hinson, supra,* 287 N.C. at 435, 215 S.E. 2d at 111. We believe the facts here present such a situation. The county health department originally looked at the lot in question and informed defendant-builder that the soil was unsuitable for development. Because defendant-builder was "unhappy" with this finding, a State soil specialist was asked to conduct a further examination. A county health department official then approved the lot for a septic tank system on condition that the lot be modified by a soil transplant. The county official testified that he consulted with the State soil specialist, who approved the soil transplant idea. Plaintiffs' evidence indicates, however, that the State soil specialist never approved the soil transplant or any other modification. After the experience with plaintiffs' lot, the county health department decided against future use of soil transplants as a means of modifying lots otherwise unsuitable for septic tank systems. Some evidence thus shows that the county health department approved the lot for a septic tank system only after defendant-builder expressed his unhappiness with the initial disapproval and despite the contrary recommendation of a State expert. As between defendant-builder and plaintiff-buyers, then, the equities favor plaintiff-buyers, since defendant-builder apparently had some notice of the risk involved.

George v. Veach

Further, by virtue of superior knowledge, skill, and experience in the construction of houses, a builder-vendor is generally better positioned than the purchaser to know whether a house is suitable for habitation. He also is better positioned to evaluate and guard against the financial risk posed by a defective septic system, and to absorb and spread across the market of home purchasers the loss therefrom. In terms of risk distribution analysis, he is the preferred or "least cost" risk bearer. Finally, he is in a superior position to develop or utilize technology to prevent such defects; and as one commentator has noted, "the major pockets of strict liability in the law" derive from "cases where the potential victims . . . are not in a good position to make adjustments that might in the long run reduce or eliminate the risk." R. Posner, *Economic Analysis of Law* 140-41 (2d ed. 1977).

Since septic tank systems by their nature must ultimately fail, the vendee has the burden of proving that a system is of sufficiently new construction to fall within the implied warranty. The duration of an implied warranty is determined by the standard of reasonableness. *Wagner Construction Co., Inc. v. Noonan,* 403 N.E. 2d 1144, 1148 (Ind. App. 1980). Plaintiffs carried their burden here by showing that they only had occupied the house for approximately six months when the system failed. Whether the implied warranty reasonably endured for this period was appropriately for the jury to determine.

In summary, considering the evidence in the light most favorable to plaintiffs, it was legally sufficient to take the case to the jury under an implied warranty theory of liability. For reasons set forth above, we reject defendant-builder's contentions that an implied warranty is not applicable to septic tanks/sewage systems, and that he should be insulated from liability because of the role of the county health department in the installation of the system. We believe our Supreme Court's decisions in *Hartley* and *Hinson,* the equities of the situation, and the policy considerations which underlie the implied warranty doctrine, combine to dictate this result.

We thus hold that the court erred in granting directed verdict for defendant-builder on the implied warranty claim. The judgment is accordingly reversed, and the cause is remanded for

further proceedings, consistent with this opinion, limited to the implied warranty claim against defendant-builder.

Reversed and remanded.

Judges ARNOLD and BECTON concur.